UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8450 PA (Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | AIDS Healthcare Foundation v. Apexus, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss ("Motion") filed by defendant Apexus, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6) . (Docket No. 20.) The Motion challenges the legal sufficiency of the First Amended Complaint ("FAC"). Plaintiff AIDS Healthcare Foundation ("Plaintiff") filed an Opposition, and Defendant filed a Reply. (Docket Nos. 23–24.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for April 10, 2023, was vacated, and the matter taken off calendar.

**I.    Background**

Plaintiff is a not-for-profit organization that provides medical services for people of limited economic means living with HIV/AIDS. (Docket No. 9 ¶ 1.) Section 340B of the Public Health Services Act, 42 U.S.C. § 256b, ("Section 340B") enables Plaintiff to receive HIV/AIDS drugs from pharmaceutical companies at reduced costs. Section 340B sets ceilings on the prices that drug manufacturers can charge for medications sold to specified healthcare facilities, or "covered member entities" (the "Section 340B Program"). (Id. ¶ 6.) Plaintiff is a covered member entity. (Id.) The Health Resources and Services Administration ("HRSA"), an agency of the Department of Health and Human Services ("HHS"), is responsible for administering the Section 340B Program. (Id.) Section 340B also establishes "'a prime vendor program under which covered [member] entities may enter into contracts with prime vendors for the distribution of covered outpatient drugs.'" (Docket No. 23, citing 42 U.S.C. § 256b(a)(8).) The HRSA awards a "Prime Vendor Program" contract ("PVP Agreement") to a company responsible for negotiating with pharmaceutical manufacturers for sub-ceiling drug prices for covered member entities. (Docket No. 9 ¶ 8.) Defendant has been the Section 340B Prime Vendor since 1999, when it signed its first PVP Agreement. (Id. ¶ 11; Docket No. 9-2.) The PVP Agreement states that Defendant "will develop, maintain and coordinate a program capable of distribution facilitation and other activities in support of the 340B Program" and that Defendant will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8450 PA (Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | AIDS Healthcare Foundation v. Apexus, LLC | | |

negotiate sub-ceiling drug prices "in accordance with standard business practices." (Docket No. 9-2 at pp. 4, 6.)

Plaintiff alleges that Defendant "has failed to directly provide price negotiating services in accordance with standard business practices when it comes to HIV/AIDS drugs, and has thus failed to provide all member entities advantageous sub-ceiling prices." (Docket No. 9 ¶ 17.) The FAC asserts four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unlawful, unfair, or fraudulent business practices (Cal. Bus. & Prof. Code §§ 17200, et seq.); and (4) declaratory relief. (Id. ¶¶ 24–41.)

**II.     Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8450 PA (Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | AIDS Healthcare Foundation v. Apexus, LLC | | |

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III. Analysis**

Although Defendant asserts multiple reasons why the Court should dismiss Plaintiff's FAC, Defendant's first argument is dispositive.[1] Defendant contends that Plaintiff cannot assert its claims as a third-party beneficiary of the PVP Agreement because it has no private right of action under Section 340B. According to Defendant, Astra USA, Inc. v. Santa Clara Cnty., Cal., 563 U.S. 110, 131 S. Ct. 1342, 179 L. Ed. 2d 457 (2011), forecloses Plaintiff's claims.

In Astra, the Supreme Court emphasized that "Congress authorized no private right of action under § 340B for covered entities who claim they have been charged prices exceeding the statutory ceiling." 563 U.S. at 113. Rather, Congress vested authority to oversee compliance with the 340B Program specifically in HHS. Id. The plaintiff in Astra operated several Section 340B covered member entities and filed suit against defendant drug manufacturers as a third-party beneficiary to the defendants' Pharmaceutical Pricing Agreement ("PPA") with the HRSA. Id. at 116. A PPA is an agreement that requires drug manufacturers to charge covered member entities no more than Section 340B's predetermined ceiling prices for drugs. Id. at 113. The plaintiff alleged that the defendants breached the PPA because the defendants were charging covered member entities more than Section 340B's ceiling prices. Id. at 116. The question presented to the Supreme Court was "whether 340B entities, though accorded no right to sue for overcharges under the statute itself, may nonetheless sue allegedly overcharging manufacturers

---

[1] Defendant requests that the Court take judicial notice of a document filed in a different case (Docket No. 21), and Plaintiff asserts evidentiary objections to Exhibits A and B to the Declaration of Jordan Grotzinger (Docket No. 23-1). However, the Court does not rely on these documents in reaching its decision on this Motion and, therefore, denies Defendant's request for judicial notice as moot and overrules Plaintiff's objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8450 PA (Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | AIDS Healthcare Foundation v. Apexus, LLC | | |

as third-party beneficiaries of the PPAs to which the manufacturers subscribed." Id. at 113. The Court held that the plaintiff's third-party suit to enforce the PPA was "in essence a suit to enforce the statute itself." Id. at 118. "Though labeled differently, suits to enforce § 340B and suits to enforces PPAs are in substance one and the same. Their treatment, therefore, must be the same '[n]o matter the clothing in which [340B entities] dress their claims.'" Id. at 114 (quoting Tenet v. Doe, 544 U.S. 1, 8, 125 S.Ct. 1230, 161 L.Ed.2d 82 (2005)). The Court found "[f]ar from assisting HHS, suits by 340B entities would undermine the agency's efforts to administer" Section 340B. Id. at 120.

Plaintiff argues that the Court should narrowly interpret Astra that suits by 340B entities to enforce PPAs cannot "proceed on a third-party beneficiary basis because[,] unlike negotiable term contracts, PPAs simply incorporate statutory obligations and record drug manufacturers' agreements to abide by those non-negotiable statutory obligations." (Docket No. 23 at p. 10.) Plaintiff's reading of Astra is too narrow. Although Section 340B does not explicitly provide that Prime Vendors must negotiate sub-ceiling prices, the statute does establish the Prime Vendor Program (see 42 U.S.C. § 256b(a)(8)). Additionally, Section 340B is the source of Plaintiff's claim that Defendant failed to negotiate sub-ceiling drug prices in accordance with standard business practices. Moreover, the PVP Agreement states that the Prime Vendor Program is "mandated by Section 340B" and that Defendant will perform various "340B Prime Vendor services . . . in exchange for being designated by the HRSA as the 340B Prime Vendor." (Docket No. 9-2 at p. 4.) Plaintiff's third-party beneficiary claims, like the plaintiff's claims in Astra, are claims to enforce Section 340B. And, like in Astra, allowing Plaintiff to pursue its third-party beneficiary claims would directly contravene Congress's decision not to create a private right of action for violations of Section 340B. This reading and application of Astra is consistent with that of other courts.[2]

---

[2] See, e.g., Am. Hosp. Ass'n v. Dep't of Health & Hum. Servs., No.4:20-CV-08806-YGR, 2021 WL 616323, at *5 (N.D. Cal. Feb. 17, 2021) (applying Astra to claims brought by covered member entities against HHS and the acting Secretary of HHS and finding that "this action is nothing more than an indirect action against the drug manufacturers themselves"); Prince George's Hosp. Ctr. v. Advantage Healthplan Inc., 985 F. Supp. 2d 38, 48 (D.D.C. 2013) ("[T]he Court finds that allowing [plaintiff] to proceed with its third-party beneficiary action would frustrate the intent of Congress in enacting the Medicaid statute for substantially the same reasons that the Supreme Court in Astra found such suits would contravene congressional intent in establishing the 340B Program."); England v. United Airlines, Inc., No. 20-CV-02877, 2022 WL 4182435, at *4 (N.D. Ill. Sept. 13, 2022) (holding that Astra forecloses a plaintiff airline employee's suit to enforce a "payroll support program" agreement between United Airlines, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8450 PA (Ex) | Date | April 10, 2023 |
|---|---|---|---|
| Title | AIDS Healthcare Foundation v. Apexus, LLC | | |

Accordingly, because all of Plaintiff's claims are based on its status as a third-party beneficiary under the PVP Agreement, they are barred under Astra. (See Docket No. 9 ¶¶ 31, 37, 41.)[3]

### A.   Leave to Amend

"The decision of whether to grant leave to amend . . . remains within the discretion of the district court." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted). Here, Plaintiff fails to identify any meaningful way in which it could amend its pleadings to adequately plead its claims. It would be futile to grant Plaintiff leave to amend because it has no private right of action under Astra. Therefore, the Court dismisses the FAC without leave to amend.

### Conclusion

For all of the foregoing reasons, the Court grants Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. This action is dismissed with prejudice and without leave to amend. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.

---

and the U.S. Department of Treasury as a third-party beneficiary).

[3]   Because the Court finds that Plaintiff's claims are barred under Astra, it need not consider Defendant's other arguments.